IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

FILED
2015 JUN 17 AM 11:17
CLERK
U.S. DISTRICT
COURT

| | |
|---|---|
| ROBERT STOEDTER,<br><br>    Plaintiff,<br><br>v.<br><br>KENNETH C. GATES, an individual, and<br>KENYON T. MADSEN, an individual,<br><br>    Defendants. | **MEMORANDUM OPINION AND ORDER**<br><br><br>Case No. 2:12-CV-00255-BSJ<br><br>District Judge Bruce S. Jenkins |

   Subsequent to this court's entry of judgment in favor of Defendants,[1] Defendants and

Plaintiff filed an appeal and cross appeal, respectively.[2] Additionally, Plaintiff filed a motion

seeking judgment as a matter of law under Rule 50, or a new trial under Rule 59.[3] On March 16,

2015, the Tenth Circuit issued an order abating parties' cross-appeals pending this court's

resolution of Plaintiff's motion.[4]

   The matter came before the court for hearing on April 10, 2015. Diana Huntsman

appeared on behalf of Plaintiff. Andrew Morse and Scott Young appeared on behalf of

Defendants.[5] After hearing arguments from counsel, the court reserved on Plaintiff's motion,

---

[1](CM/ECF No. 173).

[2]Defs.' Notice of Appeal, filed Feb. 27, 2015 (CM/ECF No. 186); Notice of Cross Appeal, filed Mar. 12, 2015 (CM/ECF No. 192).

[3]Pl.'s Mot. for J. as a Matter of Law Under Rule 50, or in the Alternative, a New Trial Under Rule 59, filed Feb. 27, 2015 (CM/ECF No. 188) [hereinafter Pl.'s Mot for J.].

[4](CM/ECF No. 197).

[5]Minute Entry 4/10/15, (CM/ECF No. 215).

allowing counsel to submit further briefing.[6] Defendants filed a supplemental brief on April 17, 2015,[7] which Plaintiff responded to on April 27, 2015.[8] Thereafter, parties filed a stipulated motion seeking leave to file limited additional briefing,[9] which the court granted.[10] As such, Defendants filed additional briefing on May 14, 2015,[11] which Plaintiff responded to on May 21, 2015.[12]

Having considered the parties' briefs, the arguments of counsel, and the relevant law, the court determines that (i) Plaintiff is entitled to nominal damages as a matter of law; (ii) the failure to adequately instruct the jury on nominal damages was plain error (but correctable error short of a new trial); and (iii) Plaintiff did not waive his right to nominal damages under the Invited Error Doctrine. Plaintiff's motion is PARTIALLY GRANTED. The judgment shall be amended in favor of Plaintiff and against Defendants in the amount of $1 nominal damages.

## BACKGROUND

In his motion, Plaintiff argues he is entitled to judgment as a matter of law under Rule 50, because he is entitled to damages.[13] The damages Plaintiff seeks are twofold. The first is nominal damages: "When the Court granted Mr. Stoedter a directed verdict as it relates to the 4[th]

---

[6]*Id.*

[7]Defs.' Supplemental Br. on Whether Pl. is Entitled to an Am. J. for Nominal Damages, filed April 17, 2015 (CM/ECF No. 220) [hereinafter Defs.' Supplemental Br.].

[8]Pl.'s Am. Supplemental Br. Regarding J. as a Matter of Law, filed April 27, 2015 (CM/ECF No. 229) [hereinafter Pl.'s Supplemental Br.]. Note: Plaintiff originally filed their supplemental brief on April 25, 2015. *See* Pl.'s Supplemental Br. Regarding J. as a Matter of Law, (CM/ECF No. 228).

[9]Stipulated Mot. for Additional Briefing on Nominal Damages, filed April 30, 2015 (CM/ECF No. 232).

[10]Order Granting Stipulated Mot. for Additional Briefing on Nominal Damages, filed April 30, 2015 (CM/ECF No. 235).

[11]Defs.' Resp. to Pl.'s Supplemental Br. on Nominal Damages, filed May 14, 2015 (CM/ECF No. 242).

[12]Pl.'s Supplemental Reply, filed May 21, 2015 (CM/ECF No. 243).

[13]Pl's Mot. for J., *supra* note 3, at 2.

Amendment, it held that Mr. Stoedter's Constitutional rights had been violated. That violation alone should give Plaintiff a claim for damages."[14] The second is compensatory damages: "In addition, the Court heard evidence from two physicians that the Plaintiff was in fact injured, from his encounter with the Defendant police officers, and as such, is entitled to damages."[15] Alternatively, Plaintiff's motion seeks a new trial under Rule 59 on damages, arguing that the jury's award of no damages was against the weight of the evidence.[16]

Plaintiff is not entitled to compensatory damages as a matter of law under Rule 50. As Defendants note,[17] "[a] party is entitled to judgment as a matter of law 'only if the evidence points but one way and is susceptible to no reasonable inferences which may support the opposing party's position,'"[18] and "in considering a motion for a directed verdict, the court does not weigh the evidence, but draws all factual inferences in favor of the nonmoving party."[19] In the present case, the evidence for Plaintiff's alleged injuries does not point only one way. The evidence does not so uniformly and persuasively favor Plaintiff that compensatory damages must be awarded. As such, the motion for compensatory damages is denied.

---

[14]*Id.*, at 3.

[15]*Id.*

[16]*Id.*, at 4-5.

[17]Defs.' Mem. in Opp'n to Pl.'s Mot. for J. as a Matter of Law Under Rule 50, or in the Alternative, a New Trial Under Rule 59, filed Mar. 5, 2015 (CM/ECF No. 191), at 6-7.

[18]*Hysten v. Burlington N. Santa Fe Ry. Co.*, 530 F.3d 1260, 1269 (10th Cir. 2008) (quoting *Tyler v. RE/MAX Mountain States, Inc.*, 232 F.3d 808, 812 (10th Cir.2000)).

[19]*Lytle v. Household Mfg., Inc.*, 494 U.S. 545, 554-55, 110 S. Ct. 1331, 1338, 108 L. Ed. 2d 504 (U.S. 1990) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S.Ct. 2505, 2513, 91 L.Ed.2d 202 (1986) ("Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge.... The evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor")).

The central issue before the court is Plaintiff's entitlement to nominal damages. The following brief procedural history provides helpful context to the subsequent discussion of nominal damages:

- On August 6, 2014, the court issued its Memorandum Opinion and Order denying parties' summary judgment motions. In addition, the opinion determined that, upon arriving at the scene of events, Defendants did not have reasonable suspicion that an armed robbery or similar armed crime was afoot. Thus, a subsequent jury determination on whether reasonable suspicion or probable cause existed to support Defendants' actions would be limited in scope to the time period following the officers' approach and initial orders.[20]
- On January 7, 2015, Defendants provided the court with proposed jury instructions.[21] Included was the following instruction on nominal damages:

### INSTRUCTION NO. _

If you conclude that Officer Madsen and/or Officer Gates unreasonably detained Mr. Stoedter or used excessive force in detaining Mr. Stoedter, but also find that Mr. Stoedter was unable to demonstrate monetary damage, you shall award Mr. Stoedter nominal damages of a trivial sum, such as $1.00 or less.

MUJI 15.17 (modified as shown)

- On January 7, 2015, Plaintiff also provided the court with proposed jury instructions. Plaintiff's proposal did not include an instruction on nominal damages.[22]
- The court held trial January 12-16, 2015 on the case's remaining issues.[23]

---

[20]Mem. Op. and Order, filed Aug. 6, 2014 (CM/ECF No. 122), at 18.

[21]Defs.' Proposed Jury Instructions, filed Jan. 7, 2015 (CM/ECF No. 147) at 35.

[22]Pl.'s First Am. Proposed Jury Instructions, filed Jan. 7, 2015 (CM/ECF No. 148). Note: Plaintiff's first set of proposed jury instructions (CM/ECF No. 66), provided on February 2, 2014, similarly did not provide an instruction on nominal damages.

[23]Minute Entries, (CM/ECF Nos. 159; 160; 161; 162; 163).

4

- After the parties rested, both Plaintiff and Defendants moved for directed verdict. Specifically, Plaintiff requested a directed verdict on his claim that Defendants violated his Fourth Amendment rights.[24]
- The court granted Plaintiff's motion, finding the manner in which Defendants' investigation was conducted violated the Fourth Amendment.[25] Specifically, the court ruled from the bench as follows:

> Now in reference to what plaintiff's counsel characterized as a motion for directed verdict, it's really a reiteration of a motion for summary judgment having to do with the violation -- or alleged violation of Amendment Four. And I might indicate that we've previously dealt with probable cause and reasonable suspicion prior to the time that the police arrived at the home.
>
> I could note that the concerned citizen reported no crime. I can note as well that it's not unlawful to possess a shotgun. The citizen reported only the removal of the shotgun from a car, but reported no improper use of the shotgun.
>
> When the officers arrived at the home in separate cars, they had put on body armor. They saw two men on the porch. They were smoking, seated -- perhaps one standing. There was no visible shotgun. There was no effort to go in the house. There were no menacing movements from either man. There was no effort to run. One matched the description of the man who removed the shotgun from the car.
>
> There is no dispute -- indeed, the parties agree that the officers spoke first. The officers at least had guns at ready when they spoke. At that time there was no observable crime. At that time the scene was benign. The closest

---

[24] 1/15/15 Hr'g Tr., (CM/ECF No. 225) at 694:10-695:5.

[25] 1/16/15 Hr'g Tr., (CM/ECF No. 222) at 711:6-10.

analog in the cases was stopping a person on the street seeking information. But in this case the plaintiff was not free to leave.

At the moment the officers pointed their guns and told plaintiff to put up his hands and come off the porch without first making an inquiry as to the existence of a shotgun or explaining why they were there -- under the Constitution they were required to use the least intrusive method of acquiring information -- there was a violation of the Fourth Amendment, which continued until the matter was resolved.

The officers, body armored and guns at ready, had a duty to inform, speak out and ask about the subject of the reported citizen's concern. A simple explanation of why the officers were present would have diffused the matter at the beginning. That was not done. Just as an officer could investigate a citizen walking on the street, could ask questions, but such citizen is free to leave or free to not respond, or himself ask what was going on even in a rude manner.

As you know, there are three kinds of stops which justify detention. The first two are not present. The third, consensual, was not used. Not every investigation of a citizen's observation requires guns and handcuffs. The manner in which this investigation was conducted violated the Fourth Amendment, and plaintiff's motion, whether we characterize it as a renewed motion for summary judgment or a motion for a directed verdict on that subject, is granted. And the Court reserves the right to put in written form with appropriate citations what we've just done.

But I should note in passing, in the memorandum opinion and order denying the parties' respective motions for

summary judgment, the Court determined that upon arriving at the scene and approaching plaintiff and Jacobson, defendants did not have reasonable suspicion of armed robbery. Counsel for defendants had previously acknowledged in the February 3rd, 2014 hearing that defendants had no probable cause to arrest plaintiff. In the summary judgment order, the Court pointed out that upon arriving at the scene, defendants knew a caller reported a male with a shotgun entering a home. After that was clarified, a white and a red vehicle were parked in front of the home, and the incident involved a five-foot-five male, 170 pounds, wearing jeans and a gray T-shirt.

In finding no reasonable suspicion, the Court looked at the totality of the circumstances and drew comparisons to United States vs. Mosley and United States vs. Conner. Unlike the facts in Mosley and Conner, the encounter between plaintiff and defendants took place in the middle of the afternoon, in an area not known to be dangerous, without plaintiff attempting to run away when approached, and without plaintiff making furtive gestures consistent with or hiding or retrieving a weapon. Considering these circumstances, the Court found there was no reasonable suspicion of an armed robbery or other armed crime.

The relevant question remaining, after the Court's order denying summary judgment, is simple: What were defendants allowed to do upon arrival if they did not have reasonable suspicion or probable cause? That question is herein answered: Defendants were allowed to do no more than what a reasonable officer would do during a voluntary, consensual encounter.

The Fourth Amendment of the United States Constitution states as follows:

7

The right of the people to be secure
in their persons, houses, papers, and
effects, against unreasonable searches
and seizures, shall not be violated,
and no warrant shall issue, but upon
probable cause, supported by oath or
affirmation, and particularly
describing the place to be searched,
and the persons or things to be
seized. Thus, the Fourth Amendment
protects against unreasonable
seizures, a right all must conform to,
including officers.

The Tenth Circuit notes that not every
encounter with officers qualifies as a
seizure. And there I quote that the
United States Supreme Court has
identified three types of
police/citizen encounters: Consensual
encounters, investigative stops, and
arrests. With citations which we'll
provide. Consensual encounters are not
seizures within the meaning of the
Fourth Amendment, and need not be
supported by suspicion of criminal
wrongdoing. An officer is free to
approach people and ask questions
without violating their Fourth
Amendment rights. However, the person
approached under these circumstances
is free to refuse to answer questions
and to end the encounter, citing
Oliver vs. Woods.

Given the Court's determination that
defendants did not have reasonable
suspicion or probable cause when they
arrived upon the scene and approached
plaintiff, then it must be that
defendants' encounter with plaintiff
falls within the first category, a
consensual encounter.

Now the Tenth Circuit in United States
vs. Cooper noted that consensual
encounters are characterized by the
voluntary cooperation of a citizen in
response to noncoercive questioning.
In Cooper, the Tenth Circuit cites to
the Seventh Circuit case United States
v. Black, in which the Seventh Circuit

further elaborates that this consensual encounter, quote, is that in which no restraint of the liberty of the citizen is implicated, but the voluntary cooperation of the citizen is elicited through noncoercive questioning.

The Supreme Court provides initial description of the characteristic of a consensual police encounter: So long as a reasonable person would feel free to disregard the police and go about their business -- his business, with quotes, the encounter is consensual and no reasonable suspicion is required. The encounter will not trigger Fourth Amendment scrutiny unless it loses its consensual nature.

The Supreme Court in Florida further states that in such encounters, quote, an individual may decline an officer's request without fearing prosecution. A refusal to cooperate, without more, does not furnish the minimal level of objective justification needed for a detention or seizure.

It's clear from the case law that the officers' options during a consensual encounter are limited. As indicated, upon arriving and observing the scene, defendants were working within the framework, at best, of a consensual encounter, and the actions available to them were so limited. The parties, as I have pointed out, have stipulated and the defendants have so testified, that defendants spoke first, giving commands. Defendants argue they ordered plaintiff to put his hands in the air and come off the porch. Even if the order were simply put up your hands in the air, the implication is the same: Defendants issued an order that either detained or arrested plaintiff unlawfully and contrary to the Fourth Amendment.

At the moment in time when defendants approached plaintiff and Jacobson on

9

```
the porch with their guns at low-ready
position, defendants had a duty to
make inquiry about the report of a
shotgun, identify themselves, and ask
for an explanation. In a consensual
encounter, the defendants had to make
inquiry first, and, if the response so
justified, seize second. An order to
put up your hands and come off the
porch, especially when the order is
made with a gun in the officer's hand,
cannot be described as inquiry, let
alone        noncoercive,     non-liberty
restraining inquiry. Having exceeded
what was available to them in a
consensual encounter -- an opportunity
to    ask    questions    --    defendants
violated the Fourth Amendment rights
from the beginning until the matter
was resolved.[26]
```

- Having granted Plaintiff's directed verdict motion, the court determined that this left the jury with two questions: did the actions of the Defendants in violation of the Fourth Amendment cause damage to Plaintiff, and, if so, how much?[27]
- Thereafter, the court provided parties with a package of proposed jury instructions. The parties were given an opportunity to read through the packet and voice concerns at a jury instruction conference.[28]
- The court's packet did not include an instruction on nominal damages.
- At the jury instruction conference, Defendants requested that three additional instructions, including their proposed nominal damages instruction, be added to the final instruction packet presented to the jury:

```
MR.  YOUNG:    Your  Honor,  we've  got
three jury instructions we would like
to add.
```

---

[26]*Id.*, at 709:10-715:24. Note: the court's Memorandum Opinion and Order denying parties' summary judgment motions provides a more extensive discussion of the timeline of events leading up to Defendants' violation of Plaintiff's Fourth Amendment rights as well as a more extensive discussion of the absence of reasonable suspicion or probable cause justifying a seizure when Defendants arrived on the scene. *See* Mem. Op. and Order, filed Aug. 6, 2014 (CM/ECF No. 122), at 2-10, 15-19.

[27]*Id.*, at 716:10-13.

[28]*Id.*, at 716:14-717:11.

THE COURT:   Well, let's deal with those on an item specific basis. Which one are you talking about?

MR. YOUNG:  We're on document 147 on the docket, the defendants' proposed jury instructions.  On page 35 there is an instruction about nominal damages.

THE COURT:  I'm not giving that.  I will note your objection.  You can make your own argument.  I think we're okay so far. What's your next one?

MR. YOUNG:  Your stock instruction on page 40 about you must not include additional damages to compensate Mr. Stoedter for attorneys' fees or legal costs.

THE COURT: Okay. I thought we had that.

MR. YOUNG: Is that in there? I just missed that, then, Your Honor. I'm sorry.

THE COURT:  I don't have any trouble with the one about taxes.

MR. MORSE: Yes. That's in there, Your Honor.

THE COURT: I thought it was in.

MR. YOUNG: That's my fault, Your Honor. I apologize. On page 39, Mr. Stoedter is not entitled to recover for imaginary injuries.

MR. MORSE: That's in. We have that in.

MR. YOUNG: Sorry, Your Honor. My fault, then.

THE COURT: Anything?

MR. WILKINS: No, Your Honor. We have nothing to add.[29]

---

[29]*Id.*, at 727:5-728:9.

- After the jury instruction packet and special verdict form were accepted and agreed to, the parties made closing arguments, the court instructed the jury, and the jury retired for deliberations.[30]
- The special verdict form asked the jury two questions: (i) did Plaintiff suffer damages as a result of the constitutional violations; and (ii) if so, how much will fairly compensate Plaintiff for such damages?[31]
- After deliberating, the jury returned a verdict finding Plaintiff did not suffer damages as a result of the constitutional violations.[32]
- On January 30, 2015, the court clerk entered the following judgment:

> This action came before the Court for a trial by jury. The issues have been tried and the jury has rendered its verdict. IT IS ORDERED AND ADJUDGED That, based upon the verdict of the jury, judgment be entered in favor of the defendants.[33]

## DISCUSSION

Analysis of the issue before the court requires answering three questions. First, is Plaintiff entitled to nominal damages? Second, if so, was the failure to so instruct the jury plain error? Third, did Plaintiff waive his right to nominal damages through the Invited Error Doctrine? The court will address each of these questions in turn.

### 1)  *Plaintiff's Entitlement to Nominal Damages*

The United States Supreme Court has offered important guidance on a plaintiff's right to nominal damages for constitutional violations that did not otherwise result in consequential damages. In *Carey v. Piphus*, a case brought under 42 U.S.C. § 1983, the United States Supreme Court considered "the elements and prerequisites for recovery of damages by students who were

---

[30]Minute Entry 1/16/15, (CM/ECF No. 163).

[31](CM/ECF No. 168).

[32]*Id.*

[33]J. in a Civil Case, (CM/ECF No. 173).

suspended from public elementary and secondary schools without procedural due process."[34]

Regarding nominal damages, the Supreme Court found as follows:

> Common-law courts traditionally have vindicated deprivations of certain "absolute" rights that are not shown to have caused actual injury through the award of a nominal sum of money. By making the deprivation of such rights actionable for nominal damages without proof of actual injury, the law recognizes the importance to organized society that those rights be scrupulously observed; but at the same time, it remains true to the principle that substantial damages should be awarded only to compensate actual injury or, in the case of exemplary or punitive damages, to deter or punish malicious deprivations of rights.
>
> Because the right to procedural due process is "absolute" in the sense that it does not depend upon the merits of a claimant's substantive assertions, and because of the importance to organized society that procedural due process be observed, see *Boddie v. Connecticut*, 401 U.S. 371, 375, 91 S.Ct. 780, 784, 28 L.Ed.2d 113 (1971); *Anti-Fascist Committee v. McGrath*, 341 U.S., at 171-172, 71 S.Ct., at 648-649 (Frankfurter, J., concurring), **we believe that the denial of procedural due process should be actionable for nominal damages without proof of actual injury.**

435 U.S. 247, 266, 98 S. Ct. 1042, 1053-54, 55 L. Ed. 2d 252 (1978) (emphasis added) (footnotes omitted).

Subsequently, the Supreme Court in *Farrar v. Hobby* provided further guidance on nominal damages. In *Farrar*, the petitioners sued Texas public officials for an alleged wrongful closure of a school run by Joseph and Dale Farrar.[35] The jury determined that defendant William Hobby had deprived Joseph Farrar of a civil right, but that Hobby's conduct was not a proximate cause of any damages to Joseph Farrar.[36] On appeal, the Supreme Court concluded the following regarding nominal damages:

---

[34]*Carey v. Piphus*, 435 U.S. 247, 248, 98 S. Ct. 1042, 1044, 55 L. Ed. 2d 252 (1978).

[35]*Farrar v. Hobby*, 506 U.S. 103, 105-06, 113 S. Ct. 566, 570, 121 L. Ed. 2d 494 (1992).

[36]*Id.*

Doubtless "the basic purpose of a § 1983 damages award should be to compensate persons for injuries caused by the deprivation of constitutional rights." *Carey v. Piphus,* 435 U.S. 247, 254, 98 S.Ct. 1042, 1047, 55 L.Ed.2d 252 (1978). For this reason, no compensatory damages may be awarded in a § 1983 suit absent proof of actual injury. *Id.,* at 264, 98 S.Ct., at 1052. Accord, *Memphis Community School Dist. v. Stachura,* 477 U.S. 299, 307, 308, n. 11, 106 S.Ct. 2537, 2543, 2543–2544, n. 11, 91 L.Ed.2d 249 (1986). **We have also held, however, that "the denial of procedural due process should be actionable for nominal damages without proof of actual injury." *Carey, supra,* 435 U.S., at 266, 98 S.Ct., at 1054.** The awarding of nominal damages for the "absolute" right to procedural due process "recognizes the importance to organized society that [this] righ[t] be scrupulously observed" while "remain[ing] true to the principle that substantial damages should be awarded only to compensate actual injury." 435 U.S., at 266, 98 S.Ct., at 1054. **Thus, *Carey* obligates a court to award nominal damages when a plaintiff establishes the violation of his right to procedural due process but cannot prove actual injury.**

We therefore hold that a plaintiff who wins nominal damages is a prevailing party under § 1988.

*Farrar v. Hobby,* 506 U.S. 103, 112, 113 S. Ct. 566, 573, 121 L. Ed. 2d 494 (1992) (emphasis added).

Tenth Circuit case law clarifies the scope of these Supreme Court decisions. While the Supreme Court's statement in *Farrar* that "*Carey* obligates a court to award nominal damages when a plaintiff establishes the violation of his right to procedural due process but cannot prove actual injury," could be read narrowly to only apply to procedural due process violations, the Tenth Circuit has rejected such an approach. In *Lancaster v. Rodriguez,* a case involving a violation of the Eighth Amendment right against cruel and unusual punishment, the Tenth Circuit concluded that *Carey v. Piphus* was properly applied and nominal damages appropriately awarded:

It is tempting to make a procedural-substantive comparison but that has not proved helpful in other situations where it is sought to

be used. The descriptions in the *Piphus* opinion discourage such a distinction. The reference in *Piphus* to "absolute" rights does not assist us either. The scope of the Court's application of the common law compensatory damage doctrine is broad enough to cover this constitutional violation on the record before us. The fundamental element of this case and in *Piphus,* as we have mentioned above, is that in neither were actual damages shown to have been the consequence of the constitutional violation. With no damages shown the nature of the violation is of little significance when the *Piphus* opinion is applied.

. . .

We must thus conclude that the nominal damages were proper in these circumstances.

*Lancaster v. Rodriguez,* 701 F.2d 864, 866 (10th Cir. 1983).[37]

Additionally, Tenth Circuit case law further substantiates a plaintiff's right to nominal damages where his or her constitutional rights have been violated but there are no consequential damages. For example, in *Searles v. Van Bebber,*[38] the Tenth Circuit reviewed a jury decision awarding a state inmate compensatory and punitive damages against a prison chaplain for First Amendment violations.[39] The Tenth Circuit found that, although the compensatory damages must be vacated under the Prison Litigation Reform Act ("PLRA"), there was no error in the

---

[37]*See also Floyd v. Laws,* 929 F.2d 1390, 1401-02 (9th Cir. 1991) ("Floyd correctly cites *Carey v. Piphus,* 435 U.S. 247, 98 S.Ct. 1042, 55 L.Ed.2d 252 (1978), for the proposition that a plaintiff in a civil rights action under section 1983 is entitled to nominal damages as a matter of law if she obtains a favorable jury verdict . . . Although the language of *Carey* appeared to limit the Court's holding to procedural violations under the Constitution, this court has followed the Tenth Circuit in expressly rejecting any procedural rights/substantive rights distinction in the application of *Carey.* [*Draper v. Coombs,* 792 F.2d 915, 921–22 (9th Cir.1986)] (interpreting *Carey* to require mandatory award of nominal damages if plaintiff can prove violation of substantive constitutional right under section 1983). 'For purposes of *Piphus,* it does not matter whether the underlying claim involves a deprivation of a procedural or substantive constitutionally based right.' *Id.*").

[38]*See also Martinez v. Winner,* 771 F.2d 424, 441 (10th Cir. 1985) ("The deprivation of these constitutional rights, if it can be proved, would entitle Martinez to nominal damages, if to no other forms of relief.") *opinion modified on denial of reh'g,* 778F.2d 553(10th Cir. 1985) *cert. granted, judgment vacated sub nom. Tyus v. Martinez,* 475 U.S. 1138, 106 S.Ct. 1787, 90 L. Ed. 2d 333 (1986); *Comm. for First Amendment v. Campbell,* 962 F.2d 1517, 1526-27 (10th Cir. 1992) ("If proven, a violation of First Amendment rights concerning freedom of expression entitles a plaintiff to at least nominal damages.").

[39]251 F.3d 869 (10th Cir. 2001).

underlying liability portion of the verdict.[40] Therefore, the Tenth Circuit determined that the

plaintiff was entitled to nominal damages:

> Because "nominal damages ... are the appropriate means of 'vindicating' rights whose deprivation has not caused actual, provable injury," *Memphis Community School Dist. v. Stachura,* 477 U.S. 299, 308 n. 11, 106 S.Ct. 2537, 91 L.Ed.2d 249 (1986) (citing *Carey,* 435 U.S. at 266, 98 S.Ct. 1042), and because the statute does not reveal any attempt to alter that rule with respect to this class of cases, we now hold that [the PLRA] does not bar recovery of nominal damages for violations of prisoners' rights. *See Rowe v. Shake,* 196 F.3d 778, 781–82 (7th Cir.1999) (holding that prisoner's complaint for nominal damages for First Amendment violation was not barred by § 1997e(e)).

> **Moreover, the rule seems to be that an award of nominal damages is mandatory upon a finding of a constitutional violation, as the jury found here.** *See Carey v. Piphus,* 435 U.S. 247, 267, 98 S.Ct. 1042, 55 L.Ed.2d 252 (1978); *Farrar v. Hobby,* 506 U.S. 103, 112, 113 S.Ct. 566, 121 L.Ed.2d 494 (1992); *Risdal v. Halford,* 209 F.3d 1071 (8th Cir.2000) (plain error to give the jury discretion not to award nominal damages on a finding of a violation of free speech rights); *Norwood v. Bain,* 143 F.3d 843, 856 (4th Cir.1998), *aff'd in pertinent part en banc,* 166 F.3d 243 (4th Cir.), *cert. denied,* 527 U.S. 1005, 119 S.Ct. 2342, 144 L.Ed.2d 239 (1999).

> . . .

> Because the jury has found a constitutional violation, on remand the plaintiff is entitled to an award of nominal damages of one dollar.

251 F.3d 869, 878-79, 881 (10th Cir. 2001).[41]

---

[40]*Id.,* at 878.

[41]The court notes the Tenth Circuit case *Dill v. City of Edmond, Okl.,* 155 F.3d 1193 (1998). In *Dill,* a police officer sued the city and other officers under § 1983. After a bench trial, the district court found the plaintiff officer's procedural due process rights were violated when he was transferred from detective to patrol officer, but the court only awarded him nominal damages. *Id.,* at 1208-09. Analyzing nominal damages on appeal, the Tenth Circuit stated the following:

> Section 1983 damage awards compensate individuals for the deprivation of constitutional rights. [*Farrar v. Hobby.*] Thus, no compensatory damages may

(continued . . .)

For the proposition that "the rule seems to be that an award of nominal damages is mandatory upon a finding of a constitutional violation," the Tenth Circuit cites to *Carey* and *Farrar*, as well as *Risdal v. Halford* and *Norwood v. Bain*. In *Risdal*, the Eighth Circuit found improper the lower court's jury instruction describing nominal damages as permissive:

> We believe, and the defendants conceded during oral argument, that the trial court erred in its instruction on nominal damages. The Supreme Court in *Farrar,* 506 U.S. at 112, 113 S.Ct. 566, ruled that trial courts must award nominal damages when a plaintiff establishes a violation of the right to due process but is unable to prove actual injury. *Farrar* described the right to due process as "absolute," and said that an award of nominal damages to remedy its deprivation "recognizes the importance to organized society that [the] righ[t] be scrupulously observed," *id.*

209 F.3d 1071, 1072 (8th Cir. 2000) (internal citations omitted). Similarly, in *Norwood*, the Fourth Circuit affirmed the right to nominal damages by rejecting its previous decision in *Ganey v. Edwards*, 759 F.2d 337 (4th Cir. 1985):

> [T]he *Ganey* court did, however, assume that the Supreme Court's decision in *Carey* had not, as it seemed literally to do, *see Carey,* 435 U.S. at 267, 98 S.Ct. at 1054 ("will be entitled"), held that in such circumstances a claimant is entitled of right to an award of nominal damages. *See Ganey,* 759 F.2d at 340. To the extent *Ganey* rested on that assumption, it has since been shown to be an

---

[41](. . . continued)
> be awarded absent evidence of actual injury. *Id.* **In the absence of actual injury, however, nominal damages may be awarded for procedural due process violations** . . . Even if Plaintiff can prove actual injury, no compensatory damages may be awarded where the procedures were deficient, but the actual injuries were caused by a justified deprivation of a property interest . . . That is to say, if the deprivation, in this case the transfer, would have occurred anyway, and the lack of due process itself did not cause any injury, **then Plaintiff may recover only nominal damages.**

*Id.*, at 1209 (emphasis added). While Defendants suggests the use of "may" supports the argument that *Farrar* does not require an award of nominal damages (*see* Defs.' Supplemental Br., *supra* note 7, at 14), this court disagrees. Like Plaintiff (*see* Pl.'s Supplemental Br., *supra* note 8, at 35-36), the court believes the Tenth Circuit is not using "may" to suggest that the award of nominal damages is discretionary, but instead is explaining its contingent relationship with compensatory damages. *Cf. Floyd v. Laws*, 929 F.2d 1390 (9th Cir. 1991) ("The opinion does use permissive language to state that a plaintiff who fails to prove actual damages 'still may be entitled to nominal damages.' . . . However, this language was not intended to indicate that an award of nominal damages was discretionary. Instead, this language merely indicated that the plaintiff in *Draper* had yet to prove his section 1983 claims at trial.").

erroneous one by the Supreme Court's decision in *Farrar v. Hobby,* 506 U.S. 103, 113 S.Ct. 566, 121 L.Ed.2d 494 (1992), which expressly recognized that *Carey* established the right to a nominal damage award in that circumstance. *See id.* at 112, 113 S.Ct. at 573-74 ("*Carey* obligates a court to award nominal damages when a plaintiff establishes the violation of [a constitutional right] but cannot prove actual injury").

Accordingly, we will vacate that portion of the district court's judgment that denies any monetary relief and remand for entry of an award of nominal damages not to exceed $1.00.

143 F.3d 843, 856 (4th Cir. 1998), *reh'g en banc granted, opinion vacated* (July 9, 1998), *on reh'g en banc,* 166 F.3d 243 (4th Cir. 1999).

In addition to the Fourth Circuit in *Norwood* and the Eighth Circuit in *Risdal,* other circuits have similarly affirmed that plaintiffs are entitled to nominal damages as a matter of law where plaintiffs' constitutional rights have been violated without actual injury. The Second Circuit in *Gibeau v. Nellis* found that "even when a litigant fails to prove actual compensable injury, he is entitled to an award of nominal damages upon proof of violation of a substantive constitutional right," and that such nominal damages are not discretionary.[42] The Fifth Circuit in *Farrar v. Cain,* the predecessor to the Supreme Court case *Farrar v. Hobby,* determined that "[v]iolation of [the plaintiff's] constitutional rights was, at a minimum, worth nominal damages."[43] And the Ninth Circuit in *Floyd v. Laws* found that "neither the judge nor the jury has any discretion in this matter, assuming that the jury has reasonably rendered its verdict for

---

[42]18 F.3d 107, 110-11 (2d Cir. 1994) (quoting *Smith v. Coughlin,* 748 F.2d 783, 789 (2d Cir. 1984). *See also Beyah v. Coughlin,* 789 F.2d 986, 989 (2d Cir. 1986) ("Even if defendants' factual premise were accurate, Beyah's claim for damages would not be moot since it is now well established that if he can prove that he was deprived of a constitutionally protected right, and if defendants are not able to establish a defense to that claim, Beyah will be entitled to recover at least nominal damages.").

[43]756 F.2d 1148, 1152 (5th Cir. 1985) (quoting *Webster v. City of Houston,* 689 F.2d 1220, 1230 (5th Cir.1982), *vacated and remanded on other grounds,* 735 F.2d 838 (5th Cir.), *aff'd in part and rev'd in part,* 739 F.2d 993 (5th Cir.1984) (en banc rehearing granted)).

the plaintiff. If the jury finds a constitutional violation, an award of nominal damages is mandatory, not permissive."[44]

With the direction of the United States Supreme Court and the Tenth Circuit—and with the additional support from the Second, Fourth, Fifth, Eighth, and Ninth Circuit—this court finds Plaintiff is entitled to nominal damages as a matter of law, because his Fourth Amendment rights were violated.

The court notes the alternative nominal damages approach used by the First Circuit. For the First Circuit, nominal damages are not automatic but require affirmative action by the plaintiff. In *Campos-Orrego v. Rivera*, the First Circuit held as follows:

> Extrapolating from *Carey*, other courts of appeals have held that when a jury finds a violation of an "absolute" constitutional right yet declines to award compensatory damages, the district court ordinarily should award nominal damages. *See, e.g., Cabrera v. Jakabovitz*, 24 F.3d 372, 391 (2d Cir.1994); *Ruggiero v. Krzeminski*, 928 F.2d 558, 563–64 (2d Cir.1991); *Farrar v. Cain*, 756 F.2d 1148, 1152 (5th Cir.1985). We agree with these courts and deem *Carey* controlling here. Accordingly, we hold that when a jury in a case brought pursuant to 42 U.S.C. § 1983 finds a violation of the plaintiff's procedural due process rights, but fails to award compensatory damages, nominal damages are available to the plaintiff.
>
> **Let us be perfectly clear. We do not suggest that this entitlement is automatic, but, rather, it is incumbent upon the plaintiff to make a timely request for nominal damages.** *Cf. Kerr–Selgas [v. American Airlines, Inc.*, 69 F.3d 1205, 1214-15 (1st Cir. 1999)] (emphasizing, in regard to a claim under 42 U.S.C. § 1981a, that a plaintiff is not "automatically entitled" to nominal damages, and suggesting the need for "a timely request"); *Cooper [Distrib. Co. v. Amana Refrig'n, Inc.*, 63 F.3d 262, 281-83 (3d Cir. 1995)] (holding to like effect in a tort case).
>
> In some circuits, a plaintiff must request nominal damages ex ante, that is, by seeking a jury instruction to that effect, on penalty of waiver. *See, e.g., Cooper,* 63 F.3d at 281–84; *Sims v. Mulcahy,* 902 F.2d 524, 533–36 (7th Cir.1990). In dictum, *Kerr–Selgas*

---

[44]929 F.2d 1390, 1402-03 (9th Cir. 1991) (footnote omitted).

19

> adumbrates a more expansive approach. *See Kerr–Selgas,* 69 F.3d at 1215 (denying relief because "Kerr neither requested a jury instruction on nominal damages, nor asked the district court for [nominal damages]" after the verdict had been returned), and we think that the interests of justice warrant such expansiveness. **Accordingly, we hold that a timely request for nominal damages can be made either ex ante (to the jury) or ex post (to the judge). Thus, a plaintiff may request the judge to instruct the jury on nominal damages, or in the absence of such an instruction, may ask the trial court for nominal damages on the occasion of, or immediately after, the return of the verdict. In this instance, the jury was not charged on nominal damages, but Campos made a sufficiently prompt post-verdict request. We therefore affirm the award of nominal damages.**

175 F.3d 89, 98-99 (1st Cir. 1999) (emphasis added) (footnote omitted). This approach was

reiterated by the First Circuit in *Azimi v. Jordan's Meats, Inc.*, wherein the First Circuit stated as

follows:

> In this circuit, a "plaintiff may request the judge to instruct the jury on nominal damages, or in the absence of such an instruction, may ask the trial court for nominal damages on the occasion of, or immediately after, the return of the verdict." *Campos–Orrego,* 175 F.3d at 99. **Our rule is plaintiff-friendly in the sense that it does not require that plaintiffs make a strategic choice whether to ask for a nominal damages instruction. Indeed, there are good reasons why a plaintiff may choose not to give a jury the "out" of awarding nominal damages as an alternative to awarding compensatory damages. Azimi may have made such a tactical choice here, and he is bound by his choice.**
>
> **If, as here, the plaintiff chooses not to give the jury the nominal damages question, then he or she must make a *timely* request to the court by requesting nominal damages "on the occasion of, or immediately after, the return of the verdict."** Azimi, however, did not make a timely request that the court decide whether nominal damages should be awarded. Indeed, Azimi did not clearly request nominal damages until July 26, 2005—three months after the verdict was returned on April 25, 2005.

456 F.3d 228, 240 (1st Cir. 2006) (emphasis added) (footnote omitted).

This court believes that the Tenth Circuit has not adopted, nor should it adopt, the alternative approach of the First Circuit in *Campos-Orrego* and *Azimi*. However, even under the First Circuit's alternative approach, Plaintiff is still entitled to nominal damages. In Plaintiff's timely post-judgment motion seeking judgment as a matter of law, Plaintiff states as follows:

> When the Court granted Mr. Stoedter a directed verdict as it relates to the 4th Amendment, it held that Mr. Stoedter's Constitutional rights had been violated. That violation alone should give Plaintiff a claim for damages. In addition, the Court heard evidence from two physicians that the Plaintiff was in fact injured, from his encounter with the Defendant police officers, and as such, is entitled to damages.
>
> . . .
>
> Further, the Plaintiff suffered a violation of his 4th Amendment rights, guaranteed by the U.S. Constitution. As such, that alone, without the medical evidence, mandates that Plaintiff is entitled to damages, which the jury did not award.

(CM/ECF No. 188), at 3, 4-5. This is a sufficient, timely post-trial request for nominal damages, entitling Plaintiff to nominal damages, even under the First Circuit's framework.

Thus, the court finds Plaintiff is entitled to nominal damages as a matter of law—even if this court were to follow the First Circuit's approach—and that the jury should have been instructed on nominal damages accordingly.

### 2) *Plain Error*

Having determined that Plaintiff is entitled to nominal damages as a matter of law, the court must now determine whether the failure to so instruct the jury was plain error.

Such analysis requires reference to Rule 51, which, in relevant part, states as follows:

> **(d) Assigning Error; Plain Error.**
>
> **(1) *Assigning Error.*** A party may assign as error:
> **(A)** an error in an instruction actually given, if that party properly objected; or
> **(B)** a failure to give an instruction, if that party properly requested it and--unless the court rejected

the request in a definitive ruling on the record--also properly objected.

**(2) *Plain Error.*** A court may consider a plain error in the instructions that has not been preserved as required by Rule 51(d)(1) if the error affects substantial rights.

Fed. R. Civ. P. 51.

This current formulation of Rule 51 reflects the amendments made to it in the years 2003 and 2007. It is important to note that, while the 2007 amendment made stylistic changes,[45] the 2003 amendment was substantive. Prior to 2003, Rule 51 stated that "[n]o party may assign as error the giving or the failure to given an instruction unless that party objects thereto before the jury retires to consider its verdict, stating distinctly the matter objected to and the grounds of the objection."[46] Prior to 2003, Rule 51 did not provide a way for courts to review jury instructions not appropriately objected to. "After the 2003 amendments to Rule 51, federal courts were authorized expressly to excuse a failure to object in timely fashion to an instruction if the instruction constitutes plain error by the terms of subdivision (d)(2), a power that some courts had exercised before the amendment."[47]

It is undisputed that Plaintiff did not propose a jury instruction on nominal damages. Neither did Plaintiff object to the absence of a jury instruction on nominal damages. Thus, Plaintiff does not qualify under Rule 51(d)(1) for assigning error, and the court's review is

---

[45]Fed. R. Civ. P. 51 advisory committee's note.

[46] Fed. R. Civ. P. 51 (2002 Revised Edition); Necessity for Timely Objection, 9C Fed. Prac. & Proc. Civ. § 2553 (3d ed.).

[47]Necessity for Timely Objection, 9C Fed. Prac. & Proc. Civ. § 2553 (3d ed.).

limited to considering whether the jury instructions given qualify as plain error.[48] As the Tenth Circuit stated:

> "Plain error occurs when there is (1) error, (2) that is plain, which (3) affects substantial rights, and which (4) seriously affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. Gonzalez–Huerta*, 403 F.3d 727, 732 (10th Cir.2005) (en banc) (internal quotation marks omitted). "[A]n error is 'plain' if it is clear or obvious at the time of the appeal...." *Id.* And an error affects substantial rights when the error "affected the outcome of the district court proceedings." *Id.* (internal quotation marks omitted).

*United States v. Harris*, 695 F.3d 1125, 1130 (10th Cir. 2012).

In considering plain error, the court notes the similarities between this case and the previously discussed Eighth Circuit case *Risdal v. Halford*.[49] In *Risdal*, a plaintiff filed suit under § 1983 for violation of his First Amendment rights.[50] At trial, the defendants submitted a proposed jury instruction stating that if the jury found in favor of plaintiff but found the plaintiff did not suffer actual damages, then the jury "must" award the plaintiff nominal damages.[51] Importantly, the plaintiff did not submit his own proposed nominal damages instruction, and he did not object to the defendants' proposed instruction.[52] Nevertheless, the trial court rejected defendants' proposed nominal damages instruction, and instead instructed the jury that if plaintiff's rights were violated, but he suffered no actual damages, the jury "may" then award the plaintiff a nominal sum.[53] Ultimately, the jury determined that defendants violated the plaintiff's

---

[48]*See United States v. Harris*, 695 F.3d 1125, 1130 (10th Cir. 2012) (citing *United States v. Sturm*, 673 F.3d 1274, 1281 (10th Cir. 2012)).

[49]209 F.3d 1071 (8th Cir. 2000).

[50]*Id.*, at 1071.

[51]*Id.*

[52]*Id.*

[53]*Id.*, at 1071-72.

First Amendment right to freedom of expression, but the jury awarded no actual or nominal

damages.[54] Subsequently, the plaintiff moved for judgment as a matter of law seeking nominal

damages, which the trial court denied.[55] The Eighth Circuit in *Risdal* reversed, finding as

follows:

> Because [plaintiff] did not object to the instruction, we may
> reverse only if the trial court committed plain error in giving it. *See*
> *Kramer v. Logan County School District No. R–1,* 157 F.3d 620,
> 625 (8th Cir.1998). Under plain-error review we will reverse "only
> if the error prejudices the substantial rights of a party and would
> result in a miscarriage of justice if left uncorrected," *Rush v. Smith,*
> 56 F.3d 918, 922 (8th Cir.1995) (*en banc* ), *cert. denied,* 516 U.S.
> 959, 116 S.Ct. 409, 133 L.Ed.2d 328 (1995).

> We believe, and the defendants conceded during oral argument,
> that the trial court erred in its instruction on nominal damages. The
> Supreme Court in *Farrar,* 506 U.S. at 112, 113 S.Ct. 566, ruled
> that trial courts must award nominal damages when a plaintiff
> establishes a violation of the right to due process but is unable to
> prove actual injury. *Farrar* described the right to due process as
> " 'absolute,' " and said that an award of nominal damages to
> remedy its deprivation " 'recognizes the importance to organized
> society that [the] righ[t] be scrupulously observed,' " *id.,* quoting
> *Carey v. Piphus,* 435 U.S. 247, 266, 98 S.Ct. 1042, 55 L.Ed.2d 252
> (1978).

> We can see no significant distinction between *Farrar* and the case
> at bar. The protection of first amendment rights is central to
> guaranteeing our capacity for democratic self-government, *see*
> *New York Times Co. v. Sullivan,* 376 U.S. 254, 269–70, 84 S.Ct.
> 710, 11 L.Ed.2d 686 (1964), and the right to free speech is as
> fundamental as the right to due process. We therefore conclude
> that the rationale of *Farrar* requires an award of nominal damages
> upon proof of an infringement of the first amendment right to
> speak. *See generally Yniguez v. Arizonans for Official English,* 69
> F.3d 920, 949 (9th Cir.1995) (*en banc* ), *vacated on other grounds,*
> 520 U.S. 43, 117 S.Ct. 1055, 137 L.Ed.2d 170 (1997).

> The defendants contend that this case is governed by *Warren v.*
> *Fanning,* 950 F.2d 1370 (8th Cir.1991), *cert. denied,* 506 U.S. 836,
> 113 S.Ct. 111, 121 L.Ed.2d 68 (1992), where, under similar

---

[54]*Id.,* at 1071.

[55]*Id.*

24

circumstances, we held that no plain error had been committed. We think, however, that that case is distinguishable. The plaintiff in *Warren* not only failed to object to the erroneous instructions on nominal damages, he was the very party who proffered them. *Id.* at 1374. The *Warren* court, emphasizing that the fault was entirely the plaintiff's, concluded that the use of the erroneous instructions did not result in a miscarriage of justice. *Id.* In our case, in contrast, the trial court was presented with the correct instruction, but for some reason consciously rejected it and substituted an incorrect version. There can be no suggestion, therefore, that the trial court was not given, as Fed.R.Civ.P. 51 requires, an ample opportunity to choose and give the correct instruction.

The trial court's unsolicited error caused it to enter judgment for the defendants, prevented [plaintiff] from vindicating his right to free speech, *see Farrar,* 506 U.S. at 115, 113 S.Ct. 566, and barred any potential award of attorney's fees to [plaintiff] as a "prevailing party" under 42 U.S.C. § 1988(b), *see Muhammad v. Lockhart,* 104 F.3d 1069 (8th Cir.1997). In these circumstances, we conclude that the trial court's failure to instruct the jury adequately with respect to nominal damages was an error that was plain, that affected [plaintiff's] substantial rights, and that undermined the fairness of the judicial proceeding. *See Caviness v. Nucor–Yamato Steel Co.,* 105 F.3d 1216, 1220 (8th Cir.1997).

*Risdal v. Halford*, 209 F.3d 1071, 1072-73 (8th Cir. 2000).

Like the defendants in *Risdal*, Defendants proposed a jury instruction on nominal damages. Like the plaintiff in *Risdal*, Plaintiff neither proposed his own jury instruction on nominal damages, nor objected to Defendants' proposed instruction on nominal damages. Like the trial court in *Risdal*, this court rejected Defendants' proposed instruction that nominal damages *must* be awarded if Plaintiff's constitutional rights were violated but no actual damages were found.[56] And like the plaintiff in *Risdal*, Plaintiff did not object to this court's rejection of Defendants' proposed nominal damages instruction.

---

[56]Note: while the *Risdal* court stated that the defendants in that case had presented the trial court with a correct instruction on nominal damages, such is not entirely the case here. In the present case, Defendants' proposed instruction on nominal damages stated that "*If you conclude that Officer Madsen and/or Officer Gates unreasonably detained Mr. Stoedter or used excessive force in detaining Mr. Stoedter,* but also find that Mr. Stoedter was unable

(. . . continued)

Furthermore, here, as in *Risdal*, all four elements of plain error are met. As analyzed, the Supreme Court in *Carey* and *Farrar* directs this court to award nominal damages where a plaintiff's procedural due process rights are violated. And the Tenth Circuit in *Lancaster v. Rodriguez* instructs that this direction applies to both procedural and substantive due process rights. Thus, failing to instruct the jury on nominal damages is (i) an error, and (ii) an error that is plain. And this plain error affected substantial rights. A plaintiff who wins damages—whether compensatory or nominal—is a prevailing party.[57] Had the jury been appropriately instructed, the jury would have awarded Plaintiff nominal damages, judgment would have been entered in Plaintiff's favor, and Plaintiff would have so vindicated his right to be free from unlawful seizures.

Therefore, the court determines that the failure to appropriately instruct the jury on nominal damages was plain error. Fortunately, it is correctible without the necessity of a new trial.[58]

---

[56](. . . continued)
to demonstrate monetary damage, you shall award Mr. Stoedter nominal damages of a trivial sum, such as $1.00 or less." (emphasis added). By the time parties and the court conferred to discuss jury instructions, the court had already determined that Plaintiff's constitutional rights had been violated. That issue was no longer before the jury. Thus, Defendants' proposed instruction was not entirely correct or proper, because it asked the jury to decide something that had already been decided by the court.

[57]*Farrar v. Hobby*, 506 U.S. 103, 112-14, 113 S. Ct. 566, 573-74, 121 L. Ed. 2d 494 (1992).

[58]*See also Searles v. Van Bebber*, 251 F.3d 869, 879 (10th Cir. 2001) (citing *Risdal v. Halford* for the proposition that it is "plain error to give the jury discretion not to award nominal damages on a finding of a violation of free speech rights"); *Robinson v. Cattaraugus Cnty.*, 147 F.3d 153, 162 (2d Cir. 1998) ("If a jury finds that a constitutional violation has been proven but that the plaintiff has not shown injury sufficient to warrant an award of compensatory damages, the plaintiff is entitled to an award of at least nominal damages as a matter of law . . . The jury should be so instructed, and we have held that it is plain error to instruct the jury merely that, having found a violation, it 'may' award nominal damages."); *Gibeau v. Nellis*, 18 F.3d 107, 110-11 (2d Cir. 1994) ("Because Gibeau did not object to either the verdict sheet or the instructions, he may challenge their propriety only if they were the product of plain error. Because an award of nominal damages is not discretionary where a substantive constitutional right has been violated, the district court should have instructed the jury that it must award nominal damages if it were to find that Gibeau's Eighth Amendment rights were violated, and it should have provided a corresponding verdict form. Because this error may be corrected solely by amending the judgment and without a new trial, we believe that it should be redressed.").

3) *Invited Error Doctrine*

In memorandum, Defendants argue that reversal for plain error is not available to Plaintiff because of the Tenth Circuit's unpublished opinion *Salazaar v. Encinias*, 242 F.3d 390 (10th Cir. 2000) and the Invited Error Doctrine.[59]

In *Salazaar*, the plaintiff bought an action under § 1983 alleging that the defendants violated his Fourth Amendment right to be free from unreasonable seizures when an officer used excessive force in arresting him.[60] At trial, the jury determined that the officer did use excessive force, but the jury awarded no damages.[61] In post-trial motions, the plaintiff argued that because the jury found his constitutional rights had been violated, the court must amend judgment to award nominal damages.[62] The district court granted the motion and amended judgment to award the plaintiff $1 in nominal damages.[63] On appeal before the Tenth Circuit, the defendant argued that "it was at plaintiff's own hand that the jury was not instructed on nominal damages, and, thus, plaintiff should not have been heard to argue that he must be awarded nominal damages in light of the jury's finding of liability."[64] The Tenth Circuit agreed with defendant, concluding that the plaintiff "waived any right to nominal damages."[65] The Tenth Circuit noted that the defendant had offered a proposed jury instruction on nominal damages that stated as follows:

> IF YOU RETURN A VERDICT FOR THE PLAINTIFF, BUT
> FIND THAT PLAINTIFF HAS FAILED TO PROVE BY A
> PREPONDERANCE OF THE EVIDENCE THAT HE

---

[59]Defs.' Supplemental Br., *supra* note 7, at 11.

[60]242 F.3d 390, *1 (10th Cir. 2000) (unpublished).

[61]*Id.*

[62]*Id.*

[63]*Id.*

[64]*Id.*, at *2.

[65]*Id.*

> SUFFERED ANY ACTUAL DAMAGES, THEN YOU MUST
> RETURN AN AWARD OF DAMAGES IN SOME NOMINAL
> OR TOKEN AMOUNT NOT TO EXCEED THE SUM OF ONE
> DOLLAR.
>
> NOMINAL DAMAGES MUST BE AWARDED WHEN THE
> PLAINTIFF HAS BEEN DEPRIVED BY DEFENDANT OF A
> CONSTITUTIONAL RIGHT BUT HAS SUFFERED NO
> ACTUAL DAMAGE AS A NATURAL CONSEQUENCE OF
> THAT DEPRIVATION. THE MERE FACT THAT A
> CONSTITUTIONAL DEPRIVATION OCCURRED IS AN
> INJURY TO THE PERSON ENTITLED TO ENJOY THAT
> RIGHT, EVEN WHEN NO ACTUAL DAMAGES FLOW FROM
> THE DEPRIVATION. THEREFORE, IF YOU FIND THAT
> PLAINTIFF HAS SUFFERED NO INJURY AS A RESULT OF
> THE DEFENDANT'S CONDUCT OTHER THAN THE FACT
> OF A CONSTITUTIONAL DEPRIVATION, YOU MUST
> AWARD NOMINAL DAMAGES NOT TO EXCEED ONE
> DOLLAR.

242 F.3d 390, *2 (10th Cir. 2000) (unpublished).[66] The Tenth Circuit then noted that the

"[p]laintiff objected to this instruction, both in open court and in a letter generally objecting to all

of defendant's proposed instructions."[67] "Consequently, '[c]onsistent with Plaintiff's objections

the jury was instructed that it could award compensatory damages, but no instruction was given

on nominal damages.'"[68] The Tenth Circuit then explains its rational for finding that the plaintiff

waived nominal damages under the Invited Error Doctrine:

> **By objecting to the very instruction he now seeks to benefit
> from, plaintiff waived any right he had to a nominal damage
> award.** *See United States v. Hardwell,* 80 F.3d 1471, 1487 (10th
> Cir.1996) (stating that defendant may not invite a ruling and then
> seek to have it set aside on appeal); *see also Alexander v. Riga,*
> 208 F.3d 419, 429 (3d Cir.2000) (holding that entitlement to

---

[66] The court notes that the *Salazaar* defendants' proposed instruction stated that "nominal damages must be awarded when the plaintiff has been deprived by defendant of a constitutional right . . . therefore, if you find that plaintiff has suffered no injury as a result of the defendant's conduct other than the fact of a constitutional deprivation, you must award nominal damages not to exceed one dollar." Nowhere in *Salazaar* does the Tenth Circuit suggest that the proposed instruction's description of nominal damages as mandatory was in error.

[67] 242 F.3d 390, *2 (10th Cir. 2000) (unpublished).

[68] *Id.* (quoting the district court order).

nominal damages is not automatic: plaintiff must make a timely request for nominal damages), *petition for cert. filed,* (U.S. July 18, 2000) (No. 00-195); *Warren v. Fanning,* 950 F.2d 1370, 1374 (8th Cir.1991) (affirming trial court's denial of motion to amend judgment to include nominal damages where, not only did plaintiff fail to object to instruction making nominal damage award discretionary, but plaintiff actually proposed instruction); *Sims v. Mulcahy,* 902 F.2d 524, 533-34 (7th Cir.1990) (holding that plaintiff waived claim that jury was legally required to award nominal damages where plaintiff not only failed to object to jury instruction making nominal damages discretionary, but agreed with court that there was no required minimum amount of nominal or compensatory damages). **The invited-error doctrine "prevents a party who induces an erroneous ruling from being able to have it set aside on appeal,"** *United States v. Burson,* 952 F.2d 1196, 1203 (10th Cir.1991), and the same logic should apply to having the erroneous ruling set aside in a post-judgment motion. **Having made the strategic choice to present the jury with an "all or nothing" option, plaintiff should not have been heard to complain about the lack of nominal damages after the jury chose "nothing." Because plaintiff waived entitlement to any legal rule that he must be awarded at least nominal damages, deviation from the rule was not error.** *See United States v. Olano,* 507 U.S. 725, 732-33 (1993). Consequently, there was no need for the district court to amend the judgment.

*Id.* (emphasis added). The Tenth Circuit made clear that the plaintiff waived his right to nominal damages by *objecting* to the proposed nominal damages instruction. As the Tenth Circuit noted, the Invited Error Doctrine restrains a person who *induces* an erroneous ruling from objecting to it.

Plaintiff in the present case did not waive his right to nominal damages and the Invited Error Doctrine does not apply. Unlike the plaintiff in *Salazaar*, Plaintiff did not object to Defendants' proposed instruction on nominal damages. Unlike the plaintiff in *Salazaar*, Plaintiff took no affirmative steps to prevent this court from instructing the jury on nominal damages. Although Defendants argue Plaintiff took affirmative action to invite error and waive his rights to nominal damages, the actions Defendants point to—submitting proposed jury instructions that did not include an instruction on nominal damages; not objecting during the jury instruction

conference to the court's rejection of Defendants' proposed instruction on nominal damages; not

offering Plaintiff's own nominal damages instruction during the jury instruction conference—all

refer to things Plaintiff did *not* do. The Tenth Circuit's ruling in *Salazaar* is premised on acts of

*commission* that caused the district court to not instruct on nominal damages, not, as is the case

here, on acts of *omission*.[69]

The inapplicability of *Salazaar* and the Invited Error Doctrine is reinforced by the Tenth

Circuit's opinion in *United States v. Harris*, 695 F.3d 1125 (10th Cir. 2012). There, the Tenth

Circuit dealt with a defendant convicted of conspiracy to commit a racketeering offense in

violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO").[70] On appeal, the

defendant argued the jury was incorrectly instructed on the elements of a 18 U.S.C. § 1962(d)

conspiracy.[71] On whether the defendant's challenge was precluded by the Invited Error Doctrine,

the Tenth Circuit found as follows:

> The Government urges that Harris's argument is entirely foreclosed
> by the "invited error doctrine," because Harris's counsel said he
> had no objection to the jury instruction when it was proposed at the
> jury instruction conference. Aple. Br. at 21–22. *See United States
> v. DeBerry,* 430 F.3d 1294, 1302 (10th Cir.2005) (invited error
> precludes a party from arguing that the trial court erred in adopting
> a proposition that the party had urged the district court to adopt).
> The Government bases this argument on the ground that Harris
> said he had no objection to the challenged jury instruction when it
> was first proposed. The Government cites authority to support this
> proposition, *see United States v. Griffin,* 84 F.3d 912, 924 (7th
> Cir.1996).

---

[69]Further, as noted previously (*see* discussion *supra* note 56), Defendants' proposed instruction on nominal
damages inappropriately left to the jury the question of whether Plaintiff's constitutional rights had been violated—a
question already decided by the court. Given Defendants' proposed nominal damages instruction was not entirely
correct, it would be inappropriate to penalize Plaintiff for not objecting to the court's rejection of Defendants'
proposed instruction.

[70]695 F.3d 1125, 1129 (10th Cir. 2012).

[71]*Id.*

> **We do not consider Harris's counsel's statement at the jury instruction conference—at which the district court went individually through the jury instructions, confirming changes it was making, and asking each party whether it objected—to be sufficient to trigger the invited error doctrine. A defendant's failure to object to a district court's proposed jury instruction, or even the affirmative statement, "No, Your Honor," in response to the court's query "Any objection?", is not the same as a defendant who proffers his or her own instruction, persuades the court to adopt it, and then later seeks to attack the sufficiency of that instruction.** *See Sturm,* 673 F.3d at 1281 (barring review under invited error doctrine where defendant proffered the very instruction under attack); *United States v. Visinaiz,* 428 F.3d 1300, 1310–11 (10th Cir.2005) (same). Harris's objection was forfeited through neglect, not waived through knowing and voluntary relinquishment. *See United States v. Zubia–Torres,* 550 F.3d 1202, 1205 (10th Cir.2008) ("[T]here must be some evidence that the waiver is knowing and voluntary, beyond counsel's rote statement that she is not objecting...." (internal quotation marks omitted)).

695 F.3d 1125, 1130 n.4 (10th Cir. 2012) (emphasis added).[72]

The additional cases cited by Defendants do not disturb this court's conclusion that Plaintiff was entitled to nominal damages and the failure to so instruct the jury constitutes plain error.

Defendants cite to *Alexander v. Riga*, 208 F.3d 419 (3d Cir. 2000); *Sims v. Mulcahy*, 902 F.2d 524 (7th Cir. 1990); and *Warren v. Fanning*, 950 F.2d 1370 (8th Cir. 1991).[73] These cases are referred to by the Tenth Circuit in *Salazaar* in support of its proposition that "[b]y objecting

---

[72]*See also United States v. Hardwell*, 80 F.3d 1471, 1487 (10th Cir.) ("At his request, the two cases were tried together. He now contends this was improper. This argument is without merit. A defendant cannot invite a ruling and then have it set aside on appeal . . . The issue cannot be reviewed for plain error. Errors that are waived rather than merely forfeited through failure to object are not subject to plain error review."), *on reh'g in part*, 88 F.3d 897 (10th Cir. 1996).

[73]Defs.' Supplemental Br., *supra* note 7, at 13. Defendants also cite to *Campos-Orrega v. Rivera*, 175 F.3d 89, 98 (1st Cir. 1999) for the following quotation: "Let us be perfectly clear. We do not suggest that this entitlement is automatic, but, rather, it is incumbent upon the plaintiff to make a timely request for nominal damages." *Id.* But as the court has already dealt with *Campos-Orrega* earlier in this opinion, and as *Campos-Orrega* does not contradict the court's plain error determination, the court will not discuss the case further.

to the very instruction he now seeks to benefit from, plaintiff waived any right he had to a nominal damage award."[74]

In *Alexander*, prospective tenants brought suit against a property owner for racial discrimination. The jury found the defendant violated the Fair Housing Act ("FHA"), but the jury awarded no damages.[75] Because of the jury's verdict, the trial court declined to subsequently submit to the jury the issue of punitive damages.[76] On appeal, the plaintiffs argued, inter alia, that the jury was improperly instructed on nominal damages.[77] The Third Circuit ruled as follows:

> This entitlement is not automatic, however, "but rather, it is incumbent upon the plaintiff to make a timely request for nominal damages." *Campos–Orrego v. Rivera*, 175 F.3d 89, 98 (1st Cir.1999). In this instance, the plaintiffs requested and received an instruction on nominal damages, but failed to bring to the District Court's attention their contention that the jury should have been instructed that nominal damages are mandatory with a finding of discrimination. The plaintiffs neglected to bring this matter to the attention of the trial judge prior to the time the jury retired to consider its verdict, much less the specific grounds upon which it was based. **In an attempt to avoid a holding that this failure to object to the jury instructions waived their right to challenge the jury's nominal damages verdict on appeal, <u>the plaintiffs argue that the District Court's failure here was plain error.</u>**
>
> **<u>Without deciding the question</u>, we find that even if the jury were without adequate guidance on the question of whether nominal damages are mandatory or discretionary for violation of a federal statute, failure to rectify this error <u>under the specific circumstances of this case</u> does not result in a miscarriage of justice.** In the final analysis, given our holding in this case, the plaintiffs are the prevailing parties, have the opportunity to recover punitive damages, and might each only receive $1 less in compensation than that to which it might be entitled. See *564.4 Acres of Land*, 576 F.2d at 988 (failure to rectify error could result in miscarriage of justice because one

---

[74] *Salazaar v. Encinias*, 242 F.3d 390, *2 (10th Cir. 2000) (unpublished).

[75] *Alexander v. Riga*, 208 F.3d 419, 423 (3d Cir. 2000).

[76] *Id.*, at 424.

[77] *Id.*, at 428-29.

> party could receive several million dollars less in compensation than that to which it was entitled). Thus, we hold that the plaintiffs' failure to challenge the jury instruction dealing with nominal damages waived their right to raise this question on appeal.

Alexander v. Riga, 208 F.3d 419, 429 (3d Cir. 2000) (emphasis added). The Third Circuit did not fully address the plaintiffs' plain error argument, because "under the specific circumstances of [that] case," there was no miscarriage of justice. These "specific circumstances" included the Third Circuit's determination that (i) judgment should have been entered in favor of the plaintiffs because of the FHA violation, and (ii) the question of punitive damages should have been submitted to the jury.[78] Therefore, with judgment in the plaintiffs' favor and the possibility of receiving, through punitive damages, more than the nominal amount of $1, the outcome of the case would not be meaningfully affected by an award of nominal damages.

The *Alexander* holding is limited to the specific facts of that case, which are dissimilar to those presently before the court. In *Alexander*, the Third Circuit designated the plaintiffs as prevailing party and entered judgment in their favor, because the FHA had been violated. The award of judgment was not contingent upon a finding of damages. In sharp contrast, Plaintiff here will not be entitled to judgment unless he is awarded nominal damages.[79] Unlike *Alexander*, punitive damages are not available to Plaintiff. Nominal damages remain Plaintiff's only avenue for vindicating his violated constitutional rights. Thus, unlike *Alexander*, nominal

---

[78]*Id.*, at 435.

[79]*See Farrar v. Hobby*, 506 U.S. 103, 112-13, 113 S. Ct. 566, 573-74, 121 L. Ed. 2d 494 (1992) ("To be sure, a judicial pronouncement that the defendant has violated the Constitution, unaccompanied by an enforceable judgment on the merits, does not render the plaintiff a prevailing party. Of itself, 'the moral satisfaction [that] results from any favorable statement of law' cannot bestow prevailing party status. *Hewitt*, 482 U.S., at 762, 107 S.Ct., at 2676. No material alteration of the legal relationship between the parties occurs until the plaintiff becomes entitled to enforce a judgment, consent decree, or settlement against the defendant. A plaintiff may demand payment for nominal damages no less than he may demand payment for millions of dollars in compensatory damages. A judgment for damages in any amount, whether compensatory or nominal, modifies the defendant's behavior for the plaintiff's benefit by forcing the defendant to pay an amount of money he otherwise would not pay.").

damages are neither redundant nor unnecessary to avoiding a miscarriage of justice. As such,

*Alexander* is distinguishable and does not alter this court's plain error determination.

In *Sims v. Mulcahy*, a plaintiff alleged her constitutional rights were violated when, inter

alia, defendants entered her apartment to ascertain her physical well-being.[80] The jury

determined that her Fourth Amendment rights had been violated, but awarded her no damages.[81]

At trial, the jury had been instructed that, even without compensatory damages, they "may"

award nominal damages.[82] On appeal, the plaintiff argued this instruction was improper.[83] The

Seventh Circuit noted, however, that the plaintiff had not objected at trial to the instruction, but

had instead stated through counsel that "[a]s it relates to the statements on the compensatory and

nominal damages, *I do not think that that statement as it is in there is inconsistent with the

law.*"[84] Furthermore, during the jury's deliberations, the jury had asked the trial court whether

the special verdict question regarding damages required a minimum amount.[85] In conference

with parties on how to respond to the jury's question, the court asked if there was any objection

to answering no. The plaintiff's attorney responded that she "would prefer that the jury

instruction that included the compensatory nominal instruction be sent with the answer no."[86]

Given these facts, the Seventh Circuit concluded that the plaintiff had "waived her claim on

---

[80]*Sims v. Mulcahy*, 902 F.2d 524, 526 (7th Cir. 1990).

[81]*Id.*

[82]*Id.*, at 534.

[83]*Id.*, at 533.

[84]*Id.* (emphasis in original).

[85]*Id.*

[86]*Id.*, at 534-35.

appeal concerning the question of whether the jury was legally required to award nominal damages."[87]

Again, there are important distinctions between *Sims* and the present case. Unlike the plaintiff in *Sims*, Plaintiff here never affirmatively requested that the jury be instructed that no minimum damages amount was required. Furthermore, and even more important, the Seventh Circuit in *Sims* did not consider Rule 51 as it reads today and as it applies to the present case. *Sims* was decided in 1990. As noted, prior to 2003, Rule 51 did not contain subsection (d)(2) or a discussion of plain error. The pre-2003 Rule 51 simply stated that "[n]o party may assign as error the giving or the failure to give an instruction unless that party objects thereto before the jury retires to consider its verdict, stating distinctly the matter objected to and the grounds of the objection."[88] Although some courts evaluated jury instructions for plain error before the 2003 amendment of Rule 51,[89] it is clear the *Sims* court did not. Instead, the Seventh Circuit held that the plaintiff could not get around her failure to object to the jury instructions at trial, stating that "in civil cases a plain error doctrine is not available to protect parties from erroneous jury instructions to which no objection was made at trial."[90] As such, *Sims* is distinguishable and does not disturb this court's plain error determination.

Finally, in *Warren*, a state inmate sued a prison physician alleging Eighth Amendment violations.[91] The jury did find a constitutional violation, but it awarded no compensatory or

---

[87]*Id.*, at 535.

[88]Fed. R. Civ. P. 51 (2002 Revised Edition).

[89]*See* Necessity for Timely Objection, 9C Fed. Prac. & Proc. Civ. § 2553 (3d ed.).

[90]902 F.2d 524, 535-36 (7th Cir. 1990) (quoting *Deppe v. Tripp*, 863 F.2d 1356, 1362 (7th Cir. 1988)).

[91]*Warren v. Fanning*, 950 F.2d 1370, 1372 (8th Cir. 1991).

nominal damages.[92] The jury instructions allowed the jury to award nominal damages if they

found a constitutional violation and no actual damages, but the instructions did not require the

jury to do so.[93] The Eighth Circuit in *Warren* found as follows:

> "[A]ny error in instructions not properly objected to is waived
> unless it is plain error that resulted in a miscarriage of justice."
> *Beckman v. Mayo Foundation,* 804 F.2d 435, 438 (8th Cir.1986).
> Here, the jury instruction on nominal damages not only was not
> objected to, but also was proffered to the trial judge by [plaintiff].
> Moreover, the effect of the incorrect instruction is only that it left
> the jury with discretion to decline to award [plaintiff] nominal
> damages. Clearly, the erroneous instruction has not resulted in a
> miscarriage of justice and does not constitute plain error. We
> therefore affirm the trial court's denial of [plaintiff's] motion to
> amend the judgment to include nominal damages.

950 F.2d 1370, 1374 (8th Cir. 1991).

A clear distinction between *Warren* and the present case in that the *Warren* plaintiff

himself proffered to the trial judge the improper instruction on nominal damages. That did not

occur here. And, as the Eighth Circuit noted in its subsequent opinion *Risdal v. Halford,* which

this court analyzed above, this distinction is important:

> The defendants contend that this case is governed by *Warren v.
> Fanning,* 950 F.2d 1370 (8th Cir.1991), *cert. denied,* 506 U.S. 836,
> 113 S.Ct. 111, 121 L.Ed.2d 68 (1992), where, under similar
> circumstances, we held that no plain error had been committed. We
> think, however, that that case is distinguishable. The plaintiff in
> *Warren* not only failed to object to the erroneous instructions on
> nominal damages, he was the very party who proffered them. *Id.* at
> 1374. The *Warren* court, emphasizing that the fault was entirely
> the plaintiff's, concluded that the use of the erroneous instructions
> did not result in a miscarriage of justice. *Id.* In our case, in
> contrast, the trial court was presented with the correct instruction,
> but for some reason consciously rejected it and substituted an
> incorrect version. There can be no suggestion, therefore, that the
> trial court was not given, as Fed.R.Civ.P. 51 requires, an ample
> opportunity to choose and give the correct instruction.

---

[92]*Id.*

[93]*Id.,* at 1374.

> The trial court's unsolicited error caused it to enter judgment for the defendants, prevented [plaintiff] from vindicating his right to free speech, *see Farrar,* 506 U.S. at 115, 113 S.Ct. 566, and barred any potential award of attorney's fees to [plaintiff] as a "prevailing party" under 42 U.S.C. § 1988(b), *see Muhammad v. Lockhart,* 104 F.3d 1069 (8th Cir.1997). In these circumstances, we conclude that the trial court's failure to instruct the jury adequately with respect to nominal damages was an error that was plain, that affected [plaintiff's] substantial rights, and that undermined the fairness of the judicial proceeding. *See Caviness v. Nucor–Yamato Steel Co.,* 105 F.3d 1216, 1220 (8th Cir.1997).

209 F.3d 1071, 1072-73 (8th Cir. 2000). Especially in light of *Risdal,* the Eighth Circuit's opinion in *Warren* is distinguishable from the present case and does not disturb this court's plain error determination.[94]

---

[94] The court notes, however, that the Eighth Circuit's *Warren* decision supports this court's determination that plaintiffs are entitled to nominal damages as a matter of law when their constitutional rights are violated and actual damages are unavailable. *See id.* ("We agree that the law would entitle Warren to nominal damages from Dr. Taca. '[T]he jury is required to award nominal damages once it has found cruel and unusual punishment if it has not been able to convert into dollars the injury and pain a plaintiff has suffered.' *Cowans v. Wyrick,* 862 F.2d 697, 699 (8th Cir.1988).").

## CONCLUSION

Once this court granted Plaintiff's motion for directed verdict and determined that Defendants violated Plaintiff's Fourth Amendment rights, Plaintiff was entitled to nominal damages as a matter of law, and it was plain error to not instruct the jury accordingly. Fortunately, that failure is correctible and does not necessitate a new trial. While the jury would have awarded nominal damages had they been so instructed, the court is perfectly capable of addressing the issue by granting nominal damages by order of the court.

Thus, having determined that (i) Plaintiff is entitled to nominal damages as a matter of law; (ii) the failure to adequately instruct the jury on nominal damages was plain error, but correctable; and (iii) Plaintiff did not waive his right to nominal damages under the Invited Error Doctrine, the court finds Plaintiff's motion is PARTIALLY GRANTED.

Judgment shall be amended in favor of Plaintiff and against Defendants in the amount of $1 nominal damages.

Let amended judgment be entered accordingly.


DATE this _17th_ day of June, 2015.

Bruce S. Jenkins
United States Senior District Judge

38